**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAUL PANUELAS GUTIERREZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,[1]<br>Respondents. | Case No. 5:25-cv-02668-DOC-RAO<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

On October 9, 2025, Petitioner Saul Panuelas Gutierrez, represented by counsel, filed a verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") concurrently with an *Ex Parte* Application for Temporary Restraining Order. Dkt. No. 1; Dkt. No. 4 ("TRO Application"). On October 31, 2025, the Court granted the TRO Application and ordered that Petitioner be released from custody. Dkt. No. 16 ("TRO"). The Court further set a hearing regarding a preliminary injunction and ordered the parties to submit additional briefing. *Id.* at 9. Petitioner was released from custody on November 5, 2025. Dkt. No. 18 at 1; Dkt. No. 18, Ex. A.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin, the Secretary of the Department of Homeland Security, is hereby substituted as Respondent.

On November 12, 2025, the Court entered a preliminary injunction with the same restraints as the TRO—"any future enforcement actions after Petitioner's release must comply with the required procedures." Dkt. No. 21 ("Preliminary Injunction") (citing TRO at 8). The Court's Preliminary Injunction also clarified that Petitioner must be given an opportunity to be heard according to the appropriate procedures if any travel document is provided. Preliminary Injunction at 2.

On November 17, 2025, the Court ordered the parties to address the merits of the Petition. Dkt. No. 22. On December 11, 2025, Respondents filed their Answer, and on December 15, 2025, Petitioner filed his Reply. Dkt. Nos. 23, 24. In their Answer, Respondents do not address the merits of the Petition. Rather, Respondents argue, as they did in opposing the preliminary injunction, that the Petition is mooted by Petitioner's release. Dkt. No. 23 at 2–3. In his Reply, Petitioner argues the Petition is not moot because he remains subject to an order of supervision. Dkt. No. 24 at 1–4.

"The party alleging mootness bears a 'heavy burden' in seeking dismissal." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). A case might become moot only when "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Laidlaw*, 528 U.S. at 189 (citation omitted).

Here, Respondents have failed to meet their burden to show how the TRO and Preliminary Injunction moot the Petition. The Court has not made the preliminary relief granted permanent nor has it otherwise addressed Petitioner's request for prospective relief. Further, while Respondents assert mootness they do not make any representations regarding whether there is a likelihood that they would re-detain Petitioner. The Court concludes that Petitioner's continued threat of re-detention absent compliance with statutory procedures is still live and in controversy. *See*

*Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (finding mootness established where petitioner's bond release became final after ICE declined to appeal and there were no "collateral consequences").

In the TRO, the Court concluded that Petitioner is likely to succeed on the merits of his claims under 8 C.F.R. §§ 241.13 and 241.4 (Counts Two and Three of the Petition). TRO at 4–7. The Preliminary Injunction declined to revisit, and thereby adopted, the Court's earlier finding that Petitioner made a sufficient showing under the *Winter* factors. Preliminary Injunction at 1 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). Because the Answer does not address the merits of Petitioner's claims, the Court sees no reason to depart from its previous analysis and incorporates it herein. Accordingly, the Court finds that the appropriate remedy is to grant the Petition as to Counts Two and Three, thereby placing the relief already afforded by the TRO and Preliminary Injunction on a permanent footing.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The Petition is GRANTED IN PART as to Counts Two and Three (violations of Revocation Regulations, 8 C.F.R. §§ 241.13 and 241.4); and
2. Respondents are ORDERED to comply with the required statutory procedures prior to any future enforcement actions or re-detention of Petitioner, including the procedures outlined in the Court's TRO. *See* Dkt. No. 16.

DATED: September 23, 2026

David O. Carter

HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE